HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:

GREG A. NEWHALL and LAURIE J. NEWHALL,

Debtors.

CASE NO. C11-820RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Appellant's emergency motion for stay pending appeal (Dkt. # 5). No party requested oral argument, and the court finds the motion suitable for disposition on the basis of the parties' briefing and supporting evidence. For the reasons explained below, the court GRANTS the motion (Dkt. # 5).

## II. BACKGROUND[1]

Debtor Greg Newhall was a principal in Dale Alan Land Development Co. LLC ("DALD"), a residential subdivision developer. In September 2003, DALD contracted to

---

[1] The underlying facts are undisputed, except where noted.

ORDER- 1

sell a 22-lot subdivision located in Covington, Washington, to Sound Built Homes, Inc.[2] ("Sound Built") for just less than $2 million. One of the conditions of closing the sale was final plat approval. DALD repudiated its agreement with Sound Built eight months later and contracted to sell the plat to Chelan Homes Inc. ("Chelan") for $1.5 million. Before DALD could complete the transaction with Chelan, Sound Built filed a lawsuit in King County Superior Court for specific performance, and recorded a *lis pendens* on the plat.

Chelan closed the transaction after the *lis pendens* was recorded, so it obtained title to the plat subject to Sound Built's claim. Chelan nonetheless obtained title insurance on the plat after DALD and Mr. Newhall gave indemnities to the title insurer, which was an affiliate of Commonwealth Land Title Insurance Company ("Commonwealth"). Chelan eventually sold the twenty-two homes in the subdivision, and the homeowners purchased title insurance from Commonwealth. None of the homeowners were aware that their title was subject to Sound Built's *lis pendens*, though they were insured against Sound Built's claim to title.

Sound Built eventually prevailed in its lawsuit against DALD. DALD appealed the trial court's ruling, but the Washington State Court of Appeals affirmed and the Washington State Supreme Court denied review. *See* Brain Decl. (Dkt. # 13), Exs. 2 & 3. After DALD lost on appeal, Sound Built moved to add the twenty-two homeowners to its original lawsuit so that it could enforce the order of specific performance against them. Commonwealth accepted defense of the homeowners and brought third-party claims against DALD and Mr. Newhall under the indemnities.

---

[2] Sound Built Homes, Inc. later merged to become Soundbuilt Northwest LLC, but this order will refer to both Sound Built Homes and Soundbuilt Northwest as "Sound Built" for ease of reference. *See* Brain Decl. (Dkt. # 13) ¶ 14.

ORDER- 2

1    Commonwealth and Sound Built settled the third-party claims under a July 2008
2 settlement agreement that provided for an immediate payment to Sound Built of $5
3 million from Commonwealth, with an additional $3 million owed if the indemnities were
4 upheld on appeal.  Sound Built also retained rights to fee/cost awards previously entered
5 on its behalf and remained a party to the lawsuit.  Under the settlement agreement,
6 Commonwealth promised to seek a determination "as soon as reasonably possible" that
7 Mr. Newhall was obligated to indemnify Commonwealth for the sum paid to Sound
8 Built, and Commonwealth promised not to seek continuances except as necessary for the
9 prosecution of the indemnity claim.  *See* Brain Decl., Ex. 1 ¶¶ 5.3, 5.5.  The trial court
10 entered a ruling finding that the settlement agreement was reasonable and that the
11 indemnities were valid and enforceable.  Mr. Newhall appealed that order to the
12 Washington State Court of Appeals, and the appeal is still pending — but meanwhile,
13 Mr. Newhall filed a bankruptcy petition in December 2008.  According to the U.S.
14 Trustee in the bankruptcy proceeding, the principal reason why the bankruptcy
15 proceeding has not been resolved is the pending appeal.  *See* Brain Decl. ¶ 13.

16    The Trustee and Sound Built have reached an agreement that intends to conclude
17 the pending appeal by way of a triangular payment structure: the bankruptcy estate will
18 dismiss the pending appeal in the Washington State Court of Appeals, Commonwealth
19 will pay $3 million to Sound Built (as owed under the settlement agreement approved by
20 King County Superior Court), and Sound Built agrees to pay the bankruptcy estate the
21 first $225,000 it receives from Commonwealth.  The Trustee proposed this agreement to
22 the bankruptcy court, in a motion requesting approval of "compromise or settlement,"
23 and the court approved the agreement and authorized the transaction over
24 Commonwealth's objection.  The bankruptcy court gave Commonwealth one week to
25 submit a higher bid for the sale, and Commonwealth did not make a bid.

1  Commonwealth filed a motion for stay pending appeal in the bankruptcy court,
2  and that motion was denied. Commonwealth appealed to this court, and has filed a
3  similar motion for stay pending appeal: the bankruptcy court's order is scheduled to
4  become effective at 5 p.m. on June 6, 2011.

### III.   ANALYSIS

**A.   Legal Standards.**

In the Ninth Circuit, the standard for deciding whether to grant a discretionary stay is the same standard applied to preliminary injunction motions. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008). The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *Winter v. Natural Resources Def. Council, Inc.*, 129 S. Ct. 365, 377-80 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance*, 632 F.3d at 1135.

**B.   Commonwealth has Established a Likelihood of Success on the Merits on its Claim Regarding the Application of the "Fair and Equitable" Test.**

Commonwealth describes the merits of its appeal as follows:

> Commonwealth complained that the Compromise Motion morphed into a motion under both Rule 9019 and Bankruptcy Code § 363 despite the established rule that "[t]he two types of relief are distinct and the Court must address each request independently and adequately." [Commonwealth's Second Objection at 2.] Commonwealth argued that the Bankruptcy Court was required to "evaluate the sale for a sound business purpose under § 363 and also determine whether the sale meets the fair-and-equitable standard used to analyze compromises under [Rule] 9019." *In re Nicole Energy Serv., Inc.*, 385 B.R. 201, 228 (Bankr. S.D. Ohio 2008) (citing *Simantob v. Claims Prosecutor, LLC (In re Lahijani)*, 325 B.R. 282,

ORDER- 4

>290 (B.A.P. 9th Cir. 2005)). While the Sale Order provides that "good cause" exists and that the Settlement Agreement is in the "best interests of the estate," the Trustee presented no evidence that the plain requirements of both Bankruptcy Code § 363 and Rule 9019 have been satisfied and the Sale Order and the Bankruptcy Court's record lack sufficient findings and conclusions with regard to those requirements. The requirements of the Bankruptcy Code and rules were not satisfied and that the Bankruptcy Court's approval of the Settlement Agreement was in error.
>. . .
>. . . [T]his Court should not permit Soundbuilt to interfere in the state court proceedings through its arrangements with the Trustee in this case. If the Trustee is permitted to dismiss the state court appeal, Soundbuilt's improper interference in the state court case — in which it [] no longer has any interest because it assigned its interest to Commonwealth by contract — will be irreversible and Commonwealth will suffer irreparable harm.

Appellant's Mot. at 8-9. Commonwealth also asserts that the Sale Order compromises

>an illusory, invalid claim of Soundbuilt against the estate in exchange for a cash payment from Soundbuilt. . . . Soundbuilt has no claim against the estate on account of the settlement agreement between Commonwealth and [Sound Built]. Nevertheless, the Trustee's Settlement Agreement purports to "release and forever discharge" the Trustee and Soundbuilt from all claims made in the bankruptcy case. Settlement Agreement § 2(a), (b). Soundbuilt previously assigned its rights to Commonwealth <u>to the fullest extent possible</u>, so there are no claims against the estate remaining for Soundbuilt to release and discharge. The "claim" that the Trustee and Soundbuilt seek to compromise under the Trustee's Settlement Agreement is illusory and invalid as a matter of law.

Appellant's Reply (Dkt. # 14) at 6.

Though Commonwealth's motion presents a number of bases upon which it contends it will prevail on its appeal, the court will focus on only one: whether the bankruptcy court applied the correct legal standard when approving the transaction. It appears that the parties agree that the transaction at issue implicates both 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 9019(a). *See* Appellant's Mot. at 8-9; Appellee's Opp'n (Dkt. # 11) at 6-7. Despite the agreement in the briefing before this court, the bankruptcy court itself found that Rule 9109 was less applicable than Section 363. *See* Bankr. W.D. Wash. Case No. 08-18453, Tr. (Apr. 29, 2011) (Dkt. # 257) at

ORDER- 5

13:11-12. The bankruptcy court's oral ruling notwithstanding, the Trustee contends that the bankruptcy court's ruling meets the appropriate standard under both Rule 9109 and Section 363:

> [W]hen a cause of action is being sold to a present or potential defendant over the objection of creditors, a bankruptcy court must, in addition to treating it as a sale, independently evaluate the transaction as a settlement under the prevailing "fair and equitable" test, and consider the possibility of authorizing the objecting creditors to prosecute the cause of action for the benefit of the estate, as permitted by Section 503(b)(3)(B).

*Lahijani v. Claims Prosecutor LLC*, 325 B.R. 282, 284 (B.A.P. 9th Cir. 2005). The "fair and equitable" test includes the following factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986). The court again notes that both the Trustee and Commonwealth agree that the bankruptcy court should have applied *Lahijani* and the *A&C Properties* "fair and equitable" test to this transaction, and both parties cite that authority as the governing law.

According to the Trustee, the bankruptcy court complied with at least one part of the *Lahijani* standard because it found that the settlement agreement obtained the optimum value for the estate (given that Commonwealth declined to overbid). *See* Bankr. W.D. Wash. Case No. 08-18453, Order (Dkt. # 237) (finding the settlement agreement to be in the best interest of the estate). While that may be true, it is undeniable that the court did not evaluate the transaction under *A&C Properties*' "fair and equitable" test, because the court explicitly found that that case did not apply. *See* Bankr. W.D. Wash. Case No. 08-18453, Tr. (Apr. 29, 2011) at 8:24-25. The court's written ruling does not mention *A&C Properties* or analyze the settlement agreement using the "fair and equitable" factors.

Because it appears from the record before the court that the bankruptcy court did not consider the "fair and equitable" factors, yet all parties agree that these factors should be applied to the transaction at issue here, the court concludes that Commonwealth has shown a likelihood of success on the merits of its appeal contending that the bankruptcy court abused its discretion. *See In re Maximum Computers, Inc.*, 278 B.R. 189, 194 (B.A.P. 9th Cir. 2002) ("It is an abuse of discretion to apply the wrong legal rule.").[3]

### C.  Commonwealth Would Suffer Irreparable Harm Without a Stay.

Commonwealth argues that a stay prevents irreparable harm because if the sale order is not stayed, the Trustee will dismiss the state-court appeal and Commonwealth's bankruptcy appeal will be moot. In opposition to this argument, the Trustee contends that it will suffer irreparable harm if a stay is entered, because the Washington State Court of Appeals will rule on the pending appeal before the bankruptcy appeal can be concluded, such that the settlement agreement with Sound Built will never be able to be performed and the creditors will be in a worse position. The Trustee does not, however, deny that Commonwealth will suffer irreparable harm without a stay. *See* Appellee's Opp'n. (Dkt. # 11) at 9:13-15.

Because the court's inquiry under *Winter* is whether the moving party will suffer irreparable harm, and it is appears to be undisputed that Commonwealth would suffer irreparable harm in the form of a moot appeal if a stay is not entered, the court finds that Commonwealth has met its burden on this prong.

---

[3] Because the court finds that Commonwealth has shown a likelihood of success on the merits of this argument, the court need not go on to determine at this time whether Commonwealth has a likelihood of success as to its other objections to the bankruptcy court's order approving the settlement agreement.

**D.     The Balance of the Hardships Tips in Commonwealth's Favor.**

Though the Trustee contends that the balance of hardships tips in the bankruptcy estate's favor because denying a stay allows the bankruptcy proceeding to be resolved and closed, while a stay would require prolonging that proceeding, the court does not find that this argument necessarily establishes that the hardships tip in the estate's favor. Under the Trustee's argument, it would seem that expediency would always prevail over a correct application of the law.

Furthermore, Commonwealth has suggested that the court require Commonwealth to post a bond in an amount not to exceed $226,130, which Commonwealth represents would cover the Trustee's costs on appeal.  *See* Appellant's Mot. at 12.  No party challenged the adequacy of that bond amount, and the court has no basis to believe that amount is inadequate.  Thus, the court will require Commonwealth to post a bond in that amount, and finds that the posting of this bond decreases the hardships on Trustee due to the appeal.

**D.     The Public Interest Favors a Stay.**

Though the court appreciates the Trustee's arguments regarding the public interest favoring the prompt administration of bankruptcy estates, the court finds that a stay promotes that interest because it allows for a full airing of Commonwealth's objections to the settlement agreement, particularly where at least one of those objections appears to this court to have some merit, as described *supra*, Part III.B.

Because the court has found that Commonwealth has made all of the required showings establishing that it is entitled to a stay, the court will grant Commonwealth's motion.

## IV. CONCLUSION

The Appellant's motion (Dkt. # 5) is GRANTED. No later than June 8, 2011, the Appellant shall post a bond in the amount of $226,130.00.

Dated this 6th day of June, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 9